CHARLES F. HOBBS & *al. versus* MANHATTAN INSURANCE
COMPANY.

The members of a corporation are legally presumed to be citizens of the
State, by the laws of which it was created and in which alone it has a legal
existence.

A suit, in which the amount sued for exceeds five hundred dollars, brought
by a citizen of this State against a foreign insurance company, all of whose
members are citizens of another State, may, on proper motion, seasonably
filed, and good and sufficient surety offered, be removed for trial, from this
Court to the U. S. Circuit Court for the District of Maine, notwithstand-
ing the defendant corporation has complied with the provisions of R. S.,
c. 49, § 39, and service has been made upon the defendants, as therein
provided.

None of the provisions of R. S., c. 49, § 39, prohibit such removal, or infringe
upon the jurisdiction of the Courts of the United States.

ON EXCEPTIONS.

ASSUMPSIT on policy of insurance issued by Cox & Field,
of Belfast, county of Waldo, duly appointed agents of the
defendants, pursuant to R. S., c. 49, § 39. The writ was
dated Sept. 18, 1867, and served upon Cox & Field, as by
§ 39, and was made returnable at the March term, 1868, of
this Court in this county.

At the time of entering their appearance at the return
term, the defendants filed a petition under oath, praying for
the removal of the cause for trial to the next Circuit Court
of the U. S., to be held in the district where the suit was
pending, and, at the same time, offered good and sufficient
surety for entering in the Circuit Court on the first day of
its session, copies of the process against them, and for doing
all other things in the matter required by law, particularly
by the U. S. statute of Sept. 24, 1789, § 12, and the surety
was adjudged sufficient by the presiding Judge.

The defendants offered no testimony, or proof that the
stockholders or members of the defendant corporation, or
any of them resided in the State of New York, or that they
or any of them, resided in any particular State ; nor did they

offer any evidence to support the allegations in their petition for the removal of said action, other than what is contained in the writ.

The presiding Judge found, as a matter of fact, from the allegations in the plaintiffs' writ, by which they are bound,

1. That the plaintiffs are citizens of the State of Maine;

2. That the defendant corporation was incorporated under the laws of the State of New York, and has a place of business in that State; and, —

3. That the sum sued for exceeds five hundred dollars.

The presiding Judge further found, as a matter of fact, —

1. That there was no evidence that all, or any of the members of the defendant corporation resided in the State of New York, or that they did not reside in the State of Maine;

2. That the defendants, by the appointment of agents in this State, had a place of business here.

Upon these facts and findings, the presiding Judge held that the case cannot be legally removed to the Circuit Court of the United States, for the following reasons: —

1. Because, by the appointment of agents in this State, the defendant corporation had submitted themselves to the jurisdiction of this Court, and consented that it should take " like jurisdiction, and have like effect as if the defendant corporation had existed and been duly served with process in this State;" and, —

2. Because the defendants have failed to prove that all the stockholders of their corporation reside in some other State than this State.

And, for the above reasons, he refused to grant the prayer of the petition, but ordered that the case proceed in this Court.

To all which rulings, refusals and order, the defendants alleged specific and several exceptions, whereupon the presiding Judge ordered that the bill of exceptions and the papers making a part thereof be extended in full, as of record in this Court.

*W. L. Putnam,* for the defendants.

*A. P. Gould,* for the plaintiffs.

The statement of the presiding Judge, that he found, as a matter of fact, "from the allegations in the writ," &c., that the defendant corporation was incorporated under the laws of New York, was an inadvertence.

I. To entitle the removal, the defendants should "make it appear to the satisfaction of the Court" that they were not citizens of Maine. U. S. statute, c. 29, § 12. The petition must allege sufficient facts accompanied by a bond to secure the entry, and offer competent proofs of the facts. The evidence must be legal. Affidavit not sufficient. The petition must be sworn to, to entitle it to be considered. Conkling's Treatise, [2d ed.,] § 8, p. 300. These facts were in issue and should have been proved. *Gordon* v. *Longest,* 16 Pet., 97, 103.

Correct the inadvertent statement of the presiding Judge, and no presumption of citizenship can stand.

II. The compliance with R. S., c. 49, § 39, gave our courts the same authority over contracts made by the defendants in this State, and the same jurisdiction over all suits growing out of them and with the same effect, "as if the company had existed in this State," i. e., had been incorporated in this State. If incorporated here, our courts would have taken and retained jurisdiction until final judgment. To compel a small policy holder to go into U. S. Courts, and incur expense of litigating his case there, is virtually a denial of justice. R. S., c. 49, § 39, was manifestly intended to remedy such an evil.

Foreign corporations have no powers here, except what our statute gives them. Section 39 authorized them *to* insure property here, provided they agree to be treated, in all litigation, as though they were domestic. The State had a right to offer such conditions, and the corporation to accept them, and having accepted they must abide. The jurisdiction of the Federal Court is not thereby superseded by the State law, but precluded to the defendants by their own act.

The agreement to submit themselves to the jurisdiction of our courts is part of the contract between the parties. .

APPLETON, C. J. — The presiding Justice found " that the defendant corporation was incorporated under the laws of the State of New York, and has a place of business in that State." It does not appear that any inhabitants of Maine are members. When a corporation is created by the laws of a State, the legal presumption is that its members are citizens of the State in which alone the corporate body has a legal existence. A suit by or against such corporation, in its corporate name, must be presumed to be a suit by or against citizens of the State creating the corporation ; and no averment or evidence to the contrary is admissible, for the purpose of withdrawing the suit from the jurisdiction of a Court of the United States. *Ohio & Mississippi Railroad Co.* v. *Wheeler*, 1 Black., 286. There is nothing disproving or tending to disprove the legal presumption that the members of the defendant corporation are citizens of the State of New York.

The amount sued for exceeds five hundred dollars. The plaintiffs are citizens of this State. The defendant corporation, in the absence of proof to the contrary, is presumed to be composed of citizens of New York.

The case, as presented, is, therefore, within the Judiciary Act of the United States, approved Sept. 24, 1789, c. 30, § 12. The defendants claim the right to remove the suit, and have filed the petition and given the surety required by the statute. In such case the removal is matter of right, which a Judge of a State Court cannot prevent. *Gordon* v. *Longest*, 16 Pet., 97.

The only grounds of objection to the removal of the cause arise from the statute of this State, (R. S., c. 49, § 39,) which is as follows : — " The word foreign, when used herein, designates companies not incorporated by the Legislature of this State. Every person authorized by any foreign fire insurance company to advertise as its agent, or to receive and forward proposals for insurance, shall be deemed its

agent. Such company, insuring property by their agent, shall give him instructions in writing, signed and sworn to by the president and secretary thereof, to accept service of all lawful processes against the company ; and shall therein consent and engage that all such service, duly made upon such agent, shall be legal, and give to the Courts of this State like jurisdiction, and have like effect as if the company had existed and been duly served with process in this State. * * * And service upon the agent shall be deemed sufficient service upon the principal."

The State of Maine had an unquestioned right to impose upon foreign corporations the conditions prescribed by § 39. A judgment recovered in the courts of this State, when service was made according to its provisions, would be entitled to full faith and credit. *LaFayette Insurance Co.* v. *French*, 18 How., (U. S.,) 404.

The defendant corporation having complied with the statute of the State, seeks to remove this suit, of which due service has been made, to the courts of the United States, and the statute of this State has been interposed as preventing this removal. It is claimed that the defendant is estopped to remove his suit.

The jurisdiction of the courts of the United States depend upon the Constitution, and the Acts of Congress passed in conformity with its provisions.

Parties cannot, by any agreements, confer jurisdiction where it is not given by Act of Congress. When so given, they cannot oust the courts of the United States of the jurisdiction conferred upon them. Nor can the States by any legislative act limit or enlarge the jurisdiction as conferred by Congress.

But the Act in question does not limit or restrict the jurisdiction of the courts of the United States. It does not do so in terms. Nor does it by implication. The object of the Act was to prevent foreign corporations acting in this State, unless they would submit to its jurisdiction so far as to be sued within its limits. It was not to exclude

the courts of the United States, but enable our citizens to enforce their claims here without resorting to another jurisdiction. To do this, it provides how service of any writ or process may be made, — and, being made, the courts of the State have jurisdiction. Being served, and the parties being before the Court, all the incidents to a suit where one of the parties is a citizen of another State attach. The service thus "made is declared to be legal, and is declared sufficient service upon the principal." It has "the like effect as if the company had existed and been duly served with process in this State." That is, the party defendant is rightly in Court. If the action is not removed, judgment may be rendered. If removed, then judgment is to be rendered in the Court to which the removal is made. But there is nothing prohibitory of removal or infringing upon the jurisdiction of the courts of the United States.

*Exceptions sustained.*

CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.

DICKERSON, J., dissented.