FANNIE A. BEST *v.* THE NEW YORK LIFE INS. CO.

CATHARINE SENN *v.* THE ATLANTIC MUTUAL LIFE INS. CO.

After suits brought on policies of life insurance, and after petitions filed by the insurance companies for removal of the causes to the Circuit Court of the United States, under the act of Congress of 1867, the legislature of Ohio passed an act requiring life insurance companies, among other things, to file with the auditor of state waivers of all claim or right to remove any cause then or thereafter pending in any of the courts of the state, wherein any of said companies may be parties, to the courts of the United States, which the defendants did.

*Held*, that under the act of Congress the petition for removal must be signed by the applicant *in propria persona*, and the bond required must be offered for acceptance when the application is made.

*That*, the act of the legislature requiring such a waiver is not repugnant to the constitution and laws of the United States, or restrictive of the right of the companies to litigate in the federal courts.

*That*, the State of Ohio may give its assent to the transaction of business within its territory by foreign corporations, on such terms and conditions as it pleases, if not repugnant to the constitution of the United States or restrictive of the right of litigation in the federal courts.

*That*, it is as competent for these corporations to execute these waivers pursuant to this legislation, and they are as much bound by them as if they waived the right of removal in open court.

*That*, the defendants are estopped from denying the propriety and validity of their waivers or of the legislation, because they were and still are doing business in Ohio by virtue of them, and are receiving benefits under them.

*J. C. Healy*, and *Forrest & Lindemann*, for plaintiffs.

*Sage & Hinkle*, for defendants.

HAGANS, J.   These are motions reserved here, on petitions for the removal of the causes to the Circuit Court of the United States, under the act of Congress passed in March, 1867. As we construe that act, it requires the petition for removal to be signed by the applicant *in propria persona*, and the bond named in the act to be, at the time

the petition is filed, offered for acceptance.   Under the act of 1798, if the party applying failed in these respects, it was held to be a general appearance to the action and a waiver of the right of removal.   *Kirkpatrick* v. *Hopkins*, 2 Miles, 277.

It may be doubted whether these petitions are signed by the defendants.   Certainly the bonds do not appear to have been offered for acceptance, when the application was made.   Technically speaking, therefore, we ought not to entertain the applications at all.   But it was conceded that, under the act of 1867, these were formal objections, and they were waived in open court.

These were actions on policies of life insurance, and it was agreed that when the applications for insurance were made and the policies issued, the plaintiffs were residents of Ohio, where the defendants were then doing business by their agent, they being foreign corporations; that when the petitions for removal were filed, the defendants were and still are engaged in the transaction of business in Ohio; that since the filing of the petitions for removal to the Circuit Court of the United States, in compliance with the provisions of the acts of the general assembly of Ohio, passed April 10 and 27, 1872 (69 Ohio L. 66, 155), the defendants, for the purpose of obtaining a license to carry on business in this state, have each filed with the auditor of state a written instrument duly signed and sealed, waiving all claim or right to transfer or remove any cause then or thereafter pending in any of the courts of this state, wherein either of said companies may be parties, to any of the courts of the United States.   The New York Life Insurance Company attaches a copy of this instrument, which contains, besides this waiver, a statement that it is signed *under compulsion*, under protest against the unconstitutionality of such laws, and denying the legal validity and binding effect of such waiver, and reserving the right to test the validity of the law.   This company also agreed that by prosecuting the petition for removal, it did not

wish to be understood as withdrawing its waiver, or as desiring to release itself from any of the obligations imposed on it by reason of the same, its object being simply to test the power of the legislature to impose such obligations on it, and to assert its right to remove said cause, notwithstanding the filing of said waiver.

It may be remarked that we do not see how this waiver was signed under compulsion. Just how the state could put a corporation under duress is not clear to us. This company was not obliged to come into this state to do business, and is not obliged to continue therein for that purpose. On the contrary, the execution and filing of the waiver were wholly voluntary on its part, and done for the purpose of obtaining profit in the prosecution of its business here. Besides, it is not in good taste, to say the least, in view of the fact that the officers of the company, for the purpose of removing the cause, have sworn that they believe, from prejudice and local influence, it will not be able to obtain justice in this court, to add in the record that it did not wish to retract its waiver, but at the same time asserts its right of removal.

But, aside from these considerations, we come to the question in the cause which requires our determination.

A reference to the waivers shows that they were filed with the auditor of state after the petitions for removal were filed. Those waivers extend to causes then and thereafter pending in any of the courts of this state in which the companies may be parties.

It is objected to this legislation: *First.* That a corporation, created by the laws of another state, has equally with a citizen of that state the right to litigate in the courts of the United States. Quite a number of authorities were cited in support of this proposition, and we regard the law on this subject as too well settled to admit of any doubt. *Second.* That the right to litigate in the courts of the United States can not be affected by state legislation. Quite a number of authorities were quoted also in support of this

proposition. We have no doubt that this is the law: "A party, who has a right to sue in the courts of the United States, can not be divested of that right by the laws of any state." Per Grier, J., in *Allen* v. *Allen's Ex'rs*, 3 Wal. Jr. 248. And Chief Justice Chase well says, in *Cowles* v. *Mercer County*, 7 Wal. 118: "The power to contract with citizens of other states implies liability to suit by citizens of other states, and no statute limitation of suability can defeat a jurisdiction given by the constitution." Nor do we suppose any statute in direct conflict with the act of Congress of March 2, 1867, authorizing the removal of causes to the courts of the United States, would stand or be in any sense effective. Our Supreme Court has held that every step, taken in a cause subsequent to a petition to remove, would be *coram non judice*. *Shelby* v. *Hoffman*, 7 Ohio St. 450; *Gordon* v. *Langeste*, 16 Pet. 97; *Stevens* v. *Phœnix Ins. Co.*, 41 N. Y. 149; *Hobbs* v. *Manhattan Ins. Co.*, 56 Me. 417; *Hatch* v. *R. R. Co.*, 6 Blatch. 105; *Morton* v. *Mutual Ins. Co.*, 105 Mass. 141; *Akerly* v. *Vilas*, 5 Abbott U. S. 284.

We do not understand that this legislation cuts off the rights of the parties to litigate in the courts of the United States. The plaintiffs could have gone to New York and might have brought these suits in the United States court there, and there could be no restriction of the defendants' right to litigate them. These corporations have the right to bring suit in Ohio in the United States court, and no state legislation has attempted to deprive them of it. It is only their right of removal, where they are voluntary plaintiffs or are defendants in a state court, that is affected, if at all, by the waiver in question. See *R. W. Co.* v. *Whitton's Adm'r*, 13 Wal. 270. *Third.* It is said that state legislation, requiring foreign corporations to waive the right to litigate in the courts of the United States, is unconstitutional and void, and the waiver can not be enforced. By which we suppose is meant that legislation requiring such corporations to waive their right of removal

of causes to the federal courts as a condition on which they may do business in the state, in all cases where they are defendants in a state court, is unconstitutional and void, and the waiver can not be enforced. This presents the real question in the case.

A foreign corporation may not transact business in Ohio, except by consent of the State of Ohio, either express or implied, or, as it is usually called, by the comity of the state. And the state, in which such a corporation seeks to do business, may discriminate against it, in favor of its own corporations, by legislation. The consent, under which the foreign corporation transacts business, "may be accompanied by such conditions as the State of Ohio may impose, provided they are not repugnant to the constitution and laws of the United States." *Lafayette Ins. Co.* v. *French, etc.,* 18 How. 404; *Banks* v. *Earle, etc.,* 13 Pet. 519; *Paul* v. *Virginia,* 8 Wal. 168.

In this last case the Supreme Court of the United States held that every condition, imposed by a statute of Virginia on a foreign insurance company, was constitutional and lawful; and that these companies are not citizens within the meaning of that clause of the constitution, which provides that "citizens of each state shall be entitled to all the privileges and immunities of citizens of the several states;" and that such legislation was not in conflict with this clause or the commercial clause of the constitution; and that the assent of the state to the transaction of business within it, to foreign corporations, may be given on such terms as it pleases. The Virginia statute contains every provision of our law relating to license and the deposit of certain bonds by the companies. And the case, in 18 How. 404, decides that a condition, respecting the appointment of an agent of the corporation and service of process on him, is valid.

As has already been said, the defendants were under no compulsion to execute this waiver. It is simply a condition upon which they have the right to transact business in

this state, which the legislature has the right to enact. It is not an enactment that the state courts shall have exclusive jurisdiction of all suits growing out of that business, for the defendants have the right, in a proper case, to go into the federal courts for any cause of action arising here. Such an act would, if it went to that extent, be unconstitutional; for though corporations are not citizens for some purposes, such as the right of migration, etc., they are citizens within the judiciary acts for the purpose of enforcing contracts.

This question may be thus stated: In an action brought against the defendants in a state court of competent jurisdiction, in which the defendants are served with process, can we hold the defendants bound by such a waiver to have waived the exercise of the right to remove a cause to the federal courts? Now, the exercise of the right to remove a cause by the defendants, *in the absence of any state legislation*, is wholly optional. They may do it or not, just as they please. May they not waive the right by either not exercising it in time, or by their own positive act or agreement? Suppose the defendants should come into court in these actions, and in open court, on the record, waive the right of removal. Would it not be as competent for them to do so as to waive the right to service by process, or the right of appeal, or to take a proceeding in error, or the removal of a cause to another county, and would it not be as binding? And may they not do any of these by a contract? Or suppose they neglect to exercise any of these rights, are they not bound as other parties by their own default?

It is true, as a contract, this waiver might not be good as between the parties, for no consideration can be said to have passed between them. But this act is a public act, and all persons, including the defendants, assent to the laws of the state and they are binding on them; and the duty of making this waiver was created by law, and in this view derives its force wholly therefrom. "A party is barred by the statute of limitations, not because he has so agreed,

but because such is the positive law." The positive law which gives the defendants the right to transact business here, also couples with it a condition which the state has the right to annex. And the defendants have entered into a solemn stipulation accordingly with the state, which is the representative of its citizens. And it applies to the remedy. It is the law of the place of the remedy, and the courts, as deriving their authority from the state, are bound to enforce it. See *State* v. *Ham. Ins. Co.*, 6 Gray, 174. Suppose the state authorities should for good cause revoke this license. It can not be contended that they have not the right to do so. Or suppose that defendants had refused to execute and file these waivers. Can it be contended, under the authorities, that, in either case, the defendants could lawfully have transacted business in the state? The protest of one of the defendants amounts to nothing. The waiver was executed and filed, and it could test the question as well by not reserving the right in the instrument itself.

How, then, stand these cases? The defendants have complied with the act and filed their waiver. They have appeared in these causes and voluntarily admitted it, and stand by it. And we can see no good reason why they should not be bound by it in these causes, as in the case of any other waiver which they are competent to make in the causes. They now substantially say, we are doing business in Ohio, because we filed this waiver; we waive in these causes our right of removal, and ask the court to hold us to it, if the legislation authorizing the waivers is not unconstitutional. But, again, they have not only made these waivers, but in fact ratify and confirm them, and have received and are receiving benefits under the act of the legislature; and they ought to be estopped from denying its constitutionality, or questioning its propriety, or the propriety and force of their stipulation. This principle is fully recognized and applied in *Ferguson, etc.* v. *Landrum, etc.*, 5 Bush, 230, where the Supreme Court of Kentucky held

that although a law providing for the issuing of bonds to enable the people of a county to prevent a draft, which bonds were to be paid out as bounty to volunteers, was unconstitutional and void; yet all those who acquiesced in the legislation, or approved of it and received benefits under it, were estopped to deny its constitutionality, and were liable to a tax authorized by the enactment for the payment of the bonds. 4 Kent's Com. *261; Mr. Justice Cowen, in 3 Hill, 219; *Moran* v. *Comm'rs of Miami County,* 2 Black. 722.

These considerations seem to us conclusive, and these petitions and motions must therefore be refused.