HARTFORD CARPET CO. (LOWELL MANUFACTURING CO. v.). See Case No. 8,569.

HARTFORD CITY GASLIGHT CO. (STAPLES v.). See Case No. 13,302.

## Case No. 6,160.

HARTFORD FIRE INS. CO. v. DOYLE.

[6 Biss 461;[1] 5 Ins. Law J. 37; 3 Cent. Law J. 41.]

Circuit Court, W. D. Wisconsin. Sept. 28, 1875.

WISCONSIN STATUTE PROHIBITING NON-RESIDENT CORPORATIONS FROM REMOVING SUIT INTO FEDERAL COURTS — JURISDICTION OF UNITED STATES CIRCUIT COURT.

1. The Wisconsin statute of March 14, 1870 [Laws Wis. p. 87, c. 56], that no non-resident corporation should remove a suit from the state to the federal courts, having been declared unconstitutional by the United States supreme court, the provision of the statute of April 5, 1872 [Laws, p. 67], requiring the secretary of state to revoke the license of any such corporation applying for such removal, falls with it.

2. The United States circuit court can in such case grant an injunction restraining the secretary of state from attempting to forfeit the license.

This was a bill filed by the Hartford Fire Insurance Company of the state of Connecticut against Peter Doyle, as secretary of state, for an injunction restraining him from proceeding to revoke and recall the license or certificate of authority granted by the state to such company to transact business in this state. The bill shows that the state granted a license in January, 1875, to continue in force one year, in consideration of the covenants and conditions contained therein, among which was one to not remove or cause to be removed any suit commenced against the company in this state, into the federal courts for trial, which provision was inserted in compliance with the terms of section 22, c. 56, Laws 1870. The legislature subsequently, in order to more effectually secure

an observance of such provision, by an act approved April 5, 1872, declared that if any company should make an application to remove a case commenced against it into the United States circuit court for trial, contrary to the provisions of the laws of the state, or of their agreement made under the provision of the section of the act of 1870, above mentioned, that it should be the imperative duty of the secretary of state to revoke and recall the license of such company to transact business in this state. [The act further declares that after such revocation, no new license shall be granted for the period of three years to such company, and that from that time, it should be excluded and prohibited from transacting any business in the state until again duly licensed.][2] The bill shows that an agent of the company, having charge of its business in this state, did take steps to remove a case commenced against it in the circuit court of Winnebago county, to the United States circuit court for the Eastern district, for trial; that such action was taken without consultation with the home office, and that upon notice of it, the case was by stipulation offered to be remanded to the state court for trial; but that, notwithstanding such stipulation to re-transfer, an application had been made to the secretary of state to vacate and recall their license; [that the company has a large amount of property insured in this state, and is now doing an extensive and profitable business under its license, and that a cancellation of their authority by the secretary would work great and irreparable injury to their interests. This is the substance of the bill upon which an order was granted, in June last, that the defendant, the secretary of state, show cause why an injunction should not be granted restraining him from vacating or revoking the complainant's license to transact business in this state. No answer has been filed to the bill, nor any affidavits or denials of the facts set up in it. The attorney general of the state has entered his appearance for the defendant, and appeared for him on the argument and hearing of this motion for an injunction. On the argument no question was made as to the power of this court to grant the relief asked, if the facts stated in the bill were deemed sufficient by the court to authorize it to interfere.][2] The secretary now has the application pending before him, and states that he deems the duty imposed by the act upon him imperative. And the bill alleges that the complainant believes that, unless restrained by some court of competent authority from so doing, he will cancel their license; and that thereby irreparable injury will be done to complainant's business.

Sloan, Stevens & Morris, for complainant.
A. Scott Sloan, Atty. Gen., for defendant.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] [From 3 Cent. Law J. 41.]

HOPKINS, District Judge. The only matter discussed on the hearing before me was the constitutionality of the statutes on the subject. There is a conflict upon the question of the constitutionality of this act between the state and federal courts.

The supreme court of this state in Morse v. Home Ins. Co., 30 Wis. 496, decided that the provisions of the act of 1870, requiring the agreement not to remove to the federal court for trial, constitutional, but the supreme court of the United States, in same case on error, 20 Wall. [87 U. S.] 445, reversed that decision, and held the act of the legislature requiring such restriction unconstitutional and void, and that the company could remove, notwithstanding their agreement not to do so, entered into under that act. So if the question presented here is substantially the same as that presented in that case, that decision is decisive of this motion.

The attorney general on the hearing claimed that the question was different; that the state had a right to impose such terms as it might deem just on admitting foreign corporations to transact business here, and no court could inquire into the reasonableness of such terms; that the state could also provide that a forfeiture of the right to continue to do business should follow a breach of any conditions or restrictions they might exact or impose; in other words, that the state had the right to say when and for what cause or causes the license might be revoked, and that no court had the right to say that the cause or causes were insufficient. If this were the theory of the state, as manifested by this legislation, it might present a somewhat difficult question. But I am not prepared, however, in view of the authorities on the subject, to concede that such arbitrary and unlimited power resides in the states.

In Lafayette Ins. Co. v. French, 18 How. [59 U. S.] 404, it is held that the consent may be upon such condition as the state may see fit to impose, "provided they are not repugnant to the constitution and laws of the United States, or inconsistent with those rules of public law which secure the jurisdiction and authority of each state from encroachment by all others, or that principle of natural justice which forbids condemnation without opportunity" for defense. And in Ducat v. Chicago, 10 Wall. [77 U. S.] 415, it is said as to "the nature or degree of discrimination, it belongs to the state to determine, subject only to such limitations upon her sovereignty as may be found in the fundamental law of the Union."

"Parties cannot by any agreements confer jurisdiction when it is not given by an act of congress. When so given, they cannot oust the courts of the United States of the jurisdiction conferred upon them." Hobbs v. Manhattan Ins. Co., 56 Me. 421. [If parties cannot do so, upon what principle can it be maintained that the state legislature can? If repugnant to fundamental authority, any attempt to enforce them should be restrained.] [2] Cobb v. New England Ins. Co., 6 Gray, 192; 6 Gray, 596; 6 Gray, 174; Davis v. Packard, 6 Pet. [31 U. S.] 41; Id., 7 Pet. [32 U. S.] 276.

But in deciding this motion, in view of the decision of Morse v. Home Ins. Co., supra, it must be assumed that the power of the state to pass a law prohibiting a foreign corporation from removing a case for trial into a federal court, does not exist; and that all obligations and restrictions of that character imposed upon foreign corporations by the act of 1870, are not binding, but are absolutely void. Now, does the law of 1872, based upon that act, and directing certain proceedings for a violation of the provisions of that law, fall, also? Or, may the state rightfully pass acts imposing penalties for a violation of that act, which are obligatory upon the state officers, after the law requiring the company to perform them is held void?

If this is a part of the scheme intended by the legislature to enforce the law, and the power to establish this condition is held not to exist, it seems to me that all the penalties, remedies and proceedings predicated upon its non-observance would fall with the power itself.

It would be unreasonable to suppose that the legislature would pass an act requiring the secretary of state to cancel the license for want of compliance with a requirement that they had not the power to impose.

Chief Justice Marshall, in Wayman v. Southard, 10 Wheat. [23 U. S.] 1, says: "It is a general rule that what cannot be done directly from defect of power cannot be done indirectly." And Chief Justice Dixon, in Morse v. Home Ins. Co., supra, says: "It may be conceded that any state legislation intended or calculated of itself or by its own mere force to defeat or prevent the exercise of the right of removal when it exists, is unconstitutional and void."

The supreme court of the United States has decided that the right of removal does exist here, so that it follows, according to Judge Dixon's opinion, that this legislation, so far as it was "intended or calculated" to "defeat or prevent'" the exercise of the right of removal, is void.

The provision of both acts are to be construed together; the last founded upon the first, declaring the consequences or penalty of a violation of the first, and making the secretary of state the instrument to enforce the penalty for a violation of the first. The title of the last act shows this. It is entitled "an act to provide for the enforcement of the laws in certain cases," and those laws, so far as applicable to this case, having been held null and void, all laws providing for their enforcement must be inoperative, and

---

[2] [From 3 Cent. Law J. 41.]

no court or officer can enforce any penalty or forfeiture for their non-observance.

If I am right in this view, this case does not call for a decision on the general doctrine contended for by the attorney general. For it is plain to my mind that our legislature did not intend to forfeit the license of foreign companies, except for a violation of what they deemed a valid requirement or condition of law. There is no reason for supposing that the state intended or wished to annul a license, or to exclude a company from doing business here, except for a breach of a legal duty, and when it is settled that this company has not violated any legal duty, the power to vacate the license vested in the secretary of state, terminates.

I have not deemed it necessary to consider the general question of the constitutional right of the complainant to a removal. That is settled and does not admit of or require any argument in its support. The provision in the act of 1870, requiring the agreement not to remove, having been declared unconstitutional, that part of the act of 1872, directing the secretary of state to vacate a license in case of removal, is inoperative, and he has no authority under it to revoke or vacate the complainant's license to transact business for that cause.

I, therefore, order and direct that an injunction issue against the defendant, restraining him from so doing, as prayed in the bill.

———

HARTFORD FIRE INS. CO. (CRAY v.). See Cases Nos. 3,374 and 3,375.

HARTFORD FIRE INS. CO. (HOWELL v.). See Cases Nos. 6,779 and 6,780.

HARTFORD FIRE INS. CO. (HUMPHRY v.). See Cases Nos. 6,874 and 6,875.

HARTFORD INS. CO. (BROWN v.). See Case No. 2,009.

HARTFORD INS. CO. (SPRATLEY v.). See Case No. 13,256.

HARTFORD, P. & F. R. CO. (BARNARD v.). See Case No. 1,003.