## QUIMBY *v.* PENN. INSURANCE CO.

A foreign insurance company doing business in this state, and accepting service of process in conformity to the laws of the state, is not thereby deprived of the right of removal to the federal courts of an action commenced against it in the state court by a citizen of this state.

PETITION, for removal of cause to U. S. circuit court. The defendants are a corporation, incorporated and having their home office in Pennsylvania, and authorized to do business under the laws of this state; and this action is founded upon a policy of insurance issued on an application taken by the defendants' agent, resident and doing business in this state. The plaintiff objects to a removal, claiming that the action is not a suit between citizens of different states, within the meaning of the law; that the controversy arises upon a contract made by the defendants in New Hampshire, by authority conferred upon them by the laws of New Hampshire; and that, so far as relates to their rights and obligations in respect to this contract, the defendants are to be regarded as citizens of New Hampshire.

*S. C. Eastman*, for the defendants.

*Bingham & Mitchell*, for the plaintiff.

CLARK, J.   Corporations created by the states are within all the removal acts; and after much uncertainty and fluctuation of opinion in the supreme court of the United States, the settled rule now is, that corporations, for all purposes of federal jurisdiction, are conclusively considered as if they were citizens of the state which created them, and no averment or proof as to citizenship of their members elsewhere is competent or material.   Dillon's Removal of Causes, *s.* 12, 2d ed.   The defendants, being citizens of Pennsylvania, have the right, under *s.* 2 of the act of congress of March 3, 1875, to remove this cause to the federal court, unless they are deprived of that right by the provisions of the statutes of this state under which foreign insurance companies are authorized to transact business in this state.   It is unnecessary to consider the question as to the power of a state legislature to prohibit a foreign corporation doing business within its limits from exercising the right of removal of causes to the federal court, as there is no statute of this state, either directly or by implication, prohibiting the defendants from exercising the right of removal conferred upon them, as a foreign corporation, by act of congress.   While the authorities are not uniform, the weight of authority seems to be against the exercise of such power by state legislation.   Dillon states it as a general principle, that the right to remove causes into the federal court, where the terms upon which the right is given by the acts of congress in that behalf are complied with, cannot be defeated by state legislation.   "Therefore a state statute, which allows an insurance company to do business in the state only on condition that it will agree not to remove suits against it to the federal courts, is unconstitutional, and such an agreement, though entered into by the company, is void."   Dillon's Removal of Causes, *s.* 12.   *Railway Co.* v. *Whitton's Adm'r*, 13 Wall. 270; *Insurance Co.* v. *Morse*, 20 Wall. 445; *Hobbs* v. *Manhattan Ins. Co.*, 56 Me. 417; *Baltimore & Ohio R. R. Co.* v. *Cary*, 28 Ohio St. 208.

By the statutes of this state in force prior to March 1, 1876, every foreign insurance company, before commencing business here, was required to appoint an attorney, residing in this state, upon whom all legal processes against the company might be served, " with like effect as if the company existed in this state    *    *    *"—*c.* 1, *s.* 2, Laws of 1870; and section eight of the same chapter provides, that any person having a claim against any insurance company not organized under the laws of this state, may sue therefor in the courts of this state, and any service made upon the authorized attorney of such company shall be valid and binding on the company, and hold it to answer to such suit, and the judgment rendered in such suit shall bind the company as a valid judgment in every respect, whether the defendants appear or not.   By chapter thirty-eight of the Laws of 1875, the statute re-

quiring the appointment of an attorney in this state was repealed, and by that act it was provided that no insurance company not of this state, nor its agents, shall do business in this state after March 1, 1876, until it has filed with the insurance commissioner of this state a written stipulation, duly authenticated by the company, agreeing that any legal process affecting the company, served on the insurance commissioner for the time being, shall have the same effect as if served personally on the company within this state.

These are the only statutes of this state affecting the right of foreign insurance companies to sue and be sued in the federal courts. They provide a mode for the service of all legal processes upon such corporations, and also provide that they may be sued in the state courts; but neither expressly nor by implication are such corporations deprived of the right conferred upon them by congress to remove causes from the state to the federal court when such causes come within the provision of the acts of congress granting such right of removal. Neither can the provision of the statute, that such corporations may be sued in the state courts, deprive the federal court of its jurisdiction.

Pennsylvania has a statute relating to foreign insurance companies doing business in that state, substantially the same as the present statute of New Hampshire; and the question of the jurisdiction of the United States circuit court over such corporations was raised and considered in a recent case in the supreme court of the United States. In delivering the opinion of the court, WAITE, C. J., says,—" It was insisted in argument that the statute [of the state] confines the right of suit to the courts of the state; but we cannot so construe it. There is nothing to manifest such an intention; and, as the object of the legislature evidently was to relieve the citizens of Pennsylvania from the necessity of going outside of the state to seek judicial redress upon their contracts made with foreign insurance companies, it is but reasonable to suppose that they were entirely at liberty to select the court in the state having jurisdiction of the subject-matter, which, in their judgment, was the most convenient and desirable. As the company, if sued in a state court, could remove the cause to the circuit court, and thus compel a citizen of the state to submit to that jurisdiction, we see no reason why the citizen may not, if he desires it, bring the company into the same jurisdiction at the outset. While the circuit court may not be technically a court of the commonwealth, it is a court within it; and that, as we think, is all the legislature intended to provide for." *Ex parte Schollenberger*, 96 U. S. 369, 376, 377.

*Case removed.*

STANLEY, J., did not sit.