## THE PHŒNIX INSURANCE COMPANY VS. BADGER.

*October 19 — November 3, 1881.*

INSURANCE AGAINST FIRE. *(1, 2) Provision of policy as to arbitration, construed.*

EVIDENCE. *(3) Direct and rebutting testimony.*

REVERSAL OF JUDGMENT: *(4) For admission of improper evidence.*

1. The fire insurance policy in suit provides that, "if differences shall arise touching any loss or damage after proof thereof has been received in due form, the matter shall, at the written request of *either* party, be submitted to arbitrators, whose award in writing shall be binding on the parties as to the *amount* of such damage, but shall not decide the liability of the company under the policy. It is furthermore mutually agreed that no action against this company for the recovery of any claim by virtue of this policy shall be sustainable in any court, until an award shall have been obtained fixing the amount of such claim in the manner above provided." *Held*,

    (1) That this provides for an award only in case of a difference as to the *amount* of a loss.

    (2) That, as an arbitration might have been, and was not, demanded *by the insurer*, the assured may maintain an action on the policy without alleging an arbitration.

2. Such agreement as to arbitration, being collateral to the agreement to pay the loss, does not oust the courts of jurisdiction to enforce the latter agreement.

3. A witness cannot be asked whether he had made an appointment to meet other persons at a certain time, for the purpose of corroborating his testimony that he had not agreed to meet defendant's agent at that time; but he may be asked that question *to rebut* the agent's testimony that the agreement to meet other persons was for a different time.

4. It is only where the admission of improper evidence may have prejudiced the appellant, that it is ground for reversal.

The Phœnix Ins. Co. vs. Badger.

ERROR to the Circuit Court for *Winnebago* County.

*Badger* brought the action in the circuit court upon a polⁱcy of insurance against fire upon a frame dwelling-house. The policy was issued April 18, 1877, and the loss occurred December 29, 1877. The answer was, in substance, that the assured had never furnished to the insurance company any proofs of loss, and no action could accrue under the policy until the lapse of sixty days from the furnishing of such proofs; that he had never procured and furnished to the company the certificate of a magistrate or notary public, as the policy required; that he had procured the policy by false and fraudulent representations as to the cost and value of the building insured; that he had himself fired the building, or caused it to be set on fire; that, he being bound by the terms of the policy to submit to an examination on behalf of the company, if so required, and such an examination having been required and begun on the 16th of January, 1878, at Oshkosh, and having proceeded for some time, said assured refused to submit to further examination; and that, by the terms of the policy, the action could not be maintained, because no award had ever been obtained fixing the amount of the claim, as provided in that instrument.

The errors alleged by the insurance company to have intervened upon the trial, will sufficiently appear from the opinion.

The plaintiff below had a verdict; a new trial was refused; and judgment was entered pursuant to the verdict.

*Charles W. Felker*, for the plaintiff in error, contended, *inter alia*, that to allow the defendant in error to testify that he had an appointment to meet another person on the same hour and day when it was claimed he was to meet the agent of the company, was to allow him to give his own acts and admissions as evidence in his own behalf. It was wholly immaterial whether he had such appointment or not. He does not swear that he kept it. His having an appointment at that time is no evidence that he was there at the appointed hour.

30 Wis., 333; *Sorenson v. Dundas*, 42 id., 643; *Felt v. Amidon*, 43 id., 467; *Finch v. Phillips*, 41 id., 387; *Torrey v. Nixon*, 43 id., 142.

*Gabe Bouck*, for the defendant in error.

ORTON, J. The defendant in error, as a witness in his own behalf, was asked whether he furnished the plaintiff in error, or its agent, at their request, " any statements as to materials or anything of the kind," and he answered that he did. He was then asked " what these statements contained," and the plaintiff in error excepted to the overruling of the objection to the question, " that the statements must be introduced." This is the first error assigned. It will be perceived that the witness had already answered without objection that the statements furnished were of *materials*, and in answer to this last question he said: " It stated the *materials* in the building, as I could get it. It contained nothing else except the *material* used in the building." The question objected to, therefore, elicited no answer other than the one already given without objection, and hence did no harm to the plaintiff in error. But it appears from the bill of exceptions that this objection was qualified by the statement that it was not based upon a want of notice to the opposite party to produce the statement itself, it being a statement made by the defendant in error, the insured, of his loss by fire, to the plaintiff in error, the insurer. This qualification took away all of the force of the objection, for the statement was presumed to be in the possession of the plaintiff in error, and should have been produced without notice, as notice to produce was thus waived.

The plaintiff in error had introduced testimony tending to show that at the close of the examination of the insured, on the 16th of January, an arrangement was made between the parties that he should submit to a further examination at half past 1 o'clock P. M. on the next day, and that such examination was postponed until the afternoon because the insured

had an engagement with a Mr. Clifford, the agent of another insurance company, in the forenoon.   The defendant in error denied that any arrangement was so made, and insisted that the examination was finally closed on the 16th; and he was then asked, after calling his attention to the testimony of the witness Ostrander, to the effect that the time so fixed upon for a further examination was at 1 or 2 o'clock P. M. the next day: "Had you an appointment with any persons to meet them at that hour the next day?"   The overruling of the objection of the plaintiff in error to this question constitutes the second error complained of; and it is insisted by the learned counsel of the plaintiff in error that no other purpose could be subserved by the question than an attempt on the part of the defendant in error to bolster up or corroborate his own testimony on that point, by showing that he could not have made the appointment in question at 1 or 2 o'clock P. M. the next day, because he had an appointment to meet another person on business at that hour.

If this were the only purpose, then, by the authorities cited by the learned counsel of the plaintiff in error, the question might not have been strictly proper.   It will be observed, however, that the time fixed by the defendant in error when he was to meet other persons on similar business the next day, had been called in question first by the plaintiff in error, and therefore made material.   It was therefore directly rebutting testimony, in contradiction to the testimony of Ostrander that such appointment to meet others was for the forenoon, and he might properly be asked whether that appointment was not in the afternoon.   The testimony in relation to this time was not very material; but the plaintiff in error, by introducing evidence in respect to it, laid the foundation for the testimony on the other side in rebuttal.

The policy of insurance contains the following clauses: "In case differences shall arise touching any loss or damage, after proof thereof has been received in due form, the matter shall,

at the written request of either party, be submitted to impartial arbitrators, whose award in writing shall be binding on the parties as to the amount of such damage, but shall not decide the liability of the company under the policy. It is furthermore hereby expressly provided and mutually agreed that no suit or action against this company, for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery until an award shall have been obtained fixing the amount of such claim in the manner above provided." It was conceded that no award under these clauses had been obtained, and the learned counsel of the plaintiff in error contended that the obtaining of such award is a condition precedent to the right to bring an action on the policy. It will be observed that arbitrators could only be appointed at the written request of one or the other of the parties, and that the written request is optional with either party, and is not *imperative.* The imperative part of the first clause is, that "the matter shall be submitted to impartial arbitrators," etc., conditional, however, upon the written request of one or both of the parties. It is either optional and voluntary, or the duty rests upon each party alike, to make such a written request, and in this case both parties have neglected such duty alike, and neither party can complain of the neglect of the other. Again, it is only "in case differences shall arise touching any loss or damage," that either party can make any such written request. It does not appear in this case that any differences had arisen in respect to the amount of the loss or damage, and the liability for any loss whatever is denied. The only differences appear to have been as to the liability of the company to pay anything whatever. There are two conditions precedent to the appointment of arbitrators: *first,* that differences shall have arisen touching the loss or damage; *second,* one or both of the parties must make a written request for their appointment.

It was in the power of the insurance company to perform

both of these conditions, and make the submission to arbitrators necessary and imperative on the part of the insured. It could have disputed the amount of the loss, and it could have made a written request for the submission. This is clearly the true construction of this clause, standing alone. But it is contended that the subsequent clause makes the award a condition precedent to the right to sue upon the policy for the loss, without regard to the conditions in the first clause, upon which only an award could be obtained. This position is rendered untenable by the last clause requiring the award to be made only "in the manner above provided." The award, therefore, as a condition precedent to sue, is conditioned upon differences having arisen as to the loss or damage, and upon the written request of one or both of the parties for the appointment of arbitrators to make the award. That there never has been an award was the fault of the company as much as the insured, and therefore the company is estopped from taking advantage of the fact that there has not been an award.

In the case of *Scott v. Avery*, 8 Exch. Rep., 487, cited by the learned counsel of the plaintiff in error, the *insured* alone, when dissatisfied, was to take the initiative by the selection of one arbitrator, and then the committee were to select another, in case he was dissatisfied with the amount of loss allowed by the committee. But even with that difference between the stipulations in the policy in that case and in this, that case is in conflict with some cases in this country as to the power of the parties, by a stipulation in the contract of this character, to oust the courts of jurisdiction. But this distinction need not be followed further, as we have seen that this condition precedent in this policy is dependent upon other conditions, the performance of which rested with both parties alike, and which were optional and voluntary upon the part of both.

But aside from this construction of these clauses, which removes the case from the effect of similar clauses in other cases where it is held that such a condition precedent to bringing an

action is valid, it is sufficient to say further that such a condition can have no effect except in cases where differences as to the amount of the loss have actually arisen between the parties, and can have no effect in cases where the liability of the company to pay any loss is denied. *Mentz v. Armenia Fire Ins. Co.*, 79 Pa. St., 478; *Lasher v. Northwestern Nat. Ins. Co.*, 18 Hun, 98; *Hurst v. Litchfield*, 39 N. Y., 377. See also Wood on Fire Insurance, §§ 430, 431, and cases cited. In *Gibbs v. Continental Ins. Co.*, 20 Sup. Ct. Rep., 611, there were clauses in the policy precisely like those in this case, and the court construes them as we have attempted to do in this case, and decides further that such an agreement is collateral to the agreement on the part of the company to pay the loss, and that such an agreement for arbitration will therefore not be treated as one ousting the jurisdiction of the court until such arbitration is had, as in *Roper v. Lendon*, 1 Ellis & Ellis, 825, where Lord CAMPBELL draws this distinction between such a case and the case of *Scott v. Avery, supra.* Here there could be no award without a submission of the matter in difference as to the loss, and that there was no submission was as much the fault of the insurer as the insured, and the jurisdiction of the court is not ousted by the terms of the agreement unless there has been a submission to arbitrators. The conclusion is therefore inevitable, that this agreement for an award of arbitators to determine the amount of the loss does not preclude this action or the recovery of the actual amount of the loss sustained.

*By the Court.*— The judgment of the circuit court is affirmed.