BAILEY and others, Respondents, vs. THE ÆTNA INSURANCE COMPANY, imp., Appellant.

*September 2 — September 23, 1890.*

INSURANCE. *(1, 2) Pleading: Action at law or in equity? Parties: Demurrer. (3) Arbitration: Condition precedent to action.*

1. An action upon a policy of insurance against fire to recover the amount of a loss is not in equity although, in addition to the money judgment, the complaint prays for such further relief as may be equitable; and a general demurrer cannot be sustained on that ground.

2. Where the property destroyed was a homestead and the action is brought by the widow of the insured, as such and as administratrix, the fact that the heirs of the insured are also joined as plaintiffs does not make the action one in equity or render the complaint demurrable.

3. An insurance policy provided that in case of a difference as to the amount of any loss or damage it should be submitted to arbitrators, and that no action against the company for the recovery of any claim for loss should be sustained unless an award by arbitrators had first been returned. *Held,* that these provisions did not apply to a case where the company denied all liability whatever on the policy.

APPEAL from the Circuit Court for *Winnebago* County.

Action upon a policy of insurance against fire. The facts will sufficiently appear from the opinion. The defendant insurance company appeals from an order overruling its general demurrer to the complaint.

For the appellant there was a brief by *Miller, Noyes & Miller,* and oral argument by *B. K. Miller, Jr.* They contended, *inter alia,* that after loss an action upon an insurance policy should be at law, but these plaintiffs have sued in equity. The nature of the action must be determined by the prayer for relief. *Gillett v. Treganza,* 13 Wis. 476; *Cobb v. Smith,* 23 id. 265; *Kewaunee Co. v. Decker,* 30 id. 624; *Lowber v. Connit,* 36 id. 182.

*Wesley Mott,* for the respondents.

Bailey and others vs. The Ætna Ins. Co.

Cole, C. J. It seems to us that there is no room to doubt as to the nature of this action. The complaint is clearly to recover the amount due on a policy of insurance. It states what property was insured by the defendant company, the amount of the insurance, the destruction of the insured property by fire, the furnishing of proofs of loss, and demands judgment against the company for the amount of the loss, viz., the specified sum of $928, with interest. It is a plain, ordinary action at law upon a contract of insurance. It is true the complaint not only demands judgment for the sum just stated, but also asks judgment for costs and disbursements, "and for such other or further order, judgment, or relief as may be equitable." But this clause for other relief than a money judgment does not change the action to one equitable, nor render the complaint demurrable. This court has followed the rule, in a case of doubtful pleading, of looking at the prayer for relief to determine the nature of the action; but that rule is one only resorted to in case of actual doubt upon the facts set forth or statements made. But there is nothing uncertain, ambiguous, or doubtful, upon the allegations of the complaint. It is a plain action at law to recover the amount due upon the policy of insurance. There may be unnecessary matter stated and relief asked not strictly legal, but this redundant matter does not vitiate the complaint or change the character of the action. This point we deem so clear as to require no further comment.

The principal property insured in this case was a dwelling-house, which constituted the homestead of the insured. The property was destroyed after the death of the insured and while occupied as a homestead. The children or heirs at law of the insured, together with the widow, who sues as such widow and also in her representative capacity as administratrix of her husband's estate, and certain mortgagees to whom a portion of the loss is made payable, have been

made parties to the action. It is said if this is a legal action the heirs are improper parties plaintiff. But the general rule is that a demurrer does not lie for an excess of parties plaintiff. On the death of the insured the homestead descended to the widow during her widowhood, and to the children on her marriage or death. Upon the facts, we see no objection to making the heirs parties to the suit. At all events, it is not ground for a demurrer that they are made parties, and certainly does not change the action to one in equity.

The policy contains this clause: " XVII. It is furthermore hereby expressly provided and mutually agreed that no suit or action against this company for the recovery of any claim for loss by virtue of this policy shall be sustained in any court of law or chancery, unless an award of damages by arbitrators as herein provided for shall first have been returned, and unless such suit or action shall be commenced within the term of twelve months next after the fire shall have occurred; and in case any such suit or action shall be commenced against this company without such award shall have been returned, or after the expiration of twelve months next after such fire shall have occurred, in either case it shall be taken and deemed as conclusive evidence against the validity of the claim thereby attempted to be enforced." There is an allegation in the complaint that the company has at all times denied all liability to pay any sum whatever on the policy, but there is no averment that any award of damages by arbitrators has been made. It is insisted that such an award was essential and constituted a condition precedent to the right to bring an action on the policy. We cannot adopt this construction of the instrument. The next preceding clause in the policy provides, in substance, in case a difference shall arise touching the amount of any loss or damage, it shall be submitted to the judgment of arbitrators mutually chosen to determine

the extent or amount of the loss. The award which is referred to in the seventeenth clause relates to the case of differences between the parties touching the amount of the loss, and has no reference to a case where the company denies all liability or obligation to pay. The award was to be on the question of loss or damage, where difference should arise, and this may be possibly a condition precedent to sue in a case to which it is applicable; but it does not apply where the company denies all liability whatever upon the policy. It is apparent that no difference of opinion touching the amount of loss could arise where all liability was denied. The parties might well agree to submit the amount of loss in case of a disagreement to arbitrators, yet not be willing to submit the question of the liability of the company to such a board. However that may be, it is clear that the parties have not stipulated to submit the question of the liability of the company to arbitrators before a suit upon the policy can be maintained upon it.

The effect of such conditions in policies of insurance has frequently been considered by courts, and we know of no case which holds that a stipulation in the policy to arbitrate a certain matter might be extended so as to embrace other questions not fairly within such stipulation. See *Phœnix Ins. Co. v. Badger*, 53 Wis. 283; *Canfield v. Watertown F. Ins. Co.* 55 Wis. 419; *Oakwood R. Asso. v. Rathborne*, 65 Wis. 177.

It follows from these views that the order of the circuit court, overruling the demurrer to the complaint, must be affirmed, and the cause be remanded for further proceedings according to law.

*By the Court.*— It is so ordered.