## SMITH *v.* PREFERRED MASONIC MUT. ACC. ASS'N.

*(Circuit Court, D. Indiana.* July 13, 1892.)

No. 8,732.

ACCIDENT INSURANCE—ARBITRATION CLAUSE IN POLICY—EFFECT ON JURISDICTION.
A certificate of membership in a mutual accident association provided that "any claim under this certificate shall, if the association require it, be referred to arbitration, * * * and no suit or proceeding at law or in equity shall be brought to recover any sum under this insurance, unless the same shall be commenced after 90 days, and not later than one year," after the alleged accident. *Held,* that the arbitration clause constitutes no condition precedent, and cannot be pleaded in bar or abatement in a suit on the certificate; such clause not ousting the court of jurisdiction, but simply referring the question of the amount of damage to arbitration.

At Law. Action by Mary F. Smith against the Preferred Masonic Mutual Accident Association. Judgment for plaintiff on demurrer to the answer.

*S. M. Shepard,* for plaintiff.

*Charles Martindale,* for defendant.

BAKER, District Judge. This is an action on a certificate of membership in a mutual accident association. The defendant answers in abate-

ment.   The answer alleges that among the covenants and conditions in the certificate in suit, which is copied in full in the complaint, is the one which follows:

"(*f*) Any claim under this certificate shall, if the association require it, be referred to arbitration; the board of arbitrators to be composed of not less than three, nor more than five, master Masons in good standing, an equal number to be selected by the association and the claimant, the other member to be selected by the arbitrators; such arbitration to be held at the office of the association at Detroit, Michigan, the expense thereof to be borne equally by the association and the claimant; and no suit or proceeding, at law or in equity, shall be brought to recover any sum under this insurance, unless the same shall be commenced after ninety days, and not later than one year, from the time of the alleged accidental injury."

The answer further alleges that the defendant notified the plaintiff that under said clause it required that the claim of the plaintiff should be submitted to arbitration, and the defendant requested the plaintiff to unite with it in selecting arbitrators and arranging the time for holding the arbitration.   It alleges that the plaintiff accepted said request, but before the arbitrators could be appointed she withdrew her consent, and refused to submit her claim to arbitration.   It also alleges that the defendant has always been, and is now, ready and willing to submit the question of its liability to arbitration, as provided in said certificate, and to abide by and pay any award that such arbitrators should make. To this answer the plaintiff demurs, alleging that it does not state facts sufficient to constitute a cause of action in abatement.

The condition above quoted provides that "any claim" under the certificate shall, on the request of the association, be submitted to a board of arbitrators for decision.   It is difficult to determine whether the condition should be construed as requiring every question of liability and damage to be so referred to arbitration or not.   The language is broad enough to justify such construction.   The frame of the answer indicates that the pleader so understands it.   But such a construction ought not to be adopted as will render the clause illegal.   Contracts ought to receive such a construction as will give effect to the language employed. To hold that this condition required every matter of difference between the parties to be submitted to arbitration would render it illegal.   It has been decided in many cases that parties cannot by contract oust the courts of their ordinary jurisdiction.   After a careful review of the authorities, Bacon, in his work on Benefit Societies, (section 450,) says:

"It is a settled principle of law that parties cannot by contract oust the courts of their jurisdiction, and agreements to refer to future arbitration will not be enforced in equity, and will not be sustained as a bar to an action at law or a suit in equity."

The principle is applicable to courts of equity as well as in courts of law:

"And where the stipulation, though not against the policy of the law, yet is an effort to divest the ordinary jurisdiction of the common tribunals of justice, such as an agreement, in case of any disputes, to refer the same to arbitrators, courts of equity will not, any more than courts of law, interfere to

enforce that agreement, but they will leave the parties to their own pleasure in regard to such agreements. The regular administration of justice might be greatly impeded or interfered with by such stipulations, if they were specifically enforced. And, at all events, courts of justice are presumed to be better capable of administering and enforcing the real rights of the parties than any mere private arbitrators, as well from their superior knowledge as their superior means of sifting the controversy to the bottom." 1 Story, Eq. Jur. § 670.

The weight of adjudged cases announces the same doctrine. *Scott* v. *Avery*, 5 H. L. Cas. 811; *Insurance Co.* v. *Morse*, 20 Wall. 445; *Reed* v. *Insurance Co.*, 138 Mass. 572; *Badenfeld* v. *Association*, 154 Mass. 77, 27 N. E. Rep. 769; *Hobbs* v. *Insurance Co.*, 56 Me. 421; *Mentz* v. *Insurance Co.*, 79 Pa. St. 478; *Supreme Council* v. *Forsinger*, 125 Ind. 52, 25 N. E. Rep. 129.

Giving a narrow construction to the clause in question, and treating it as a stipulation not ousting the court of its ordinary jurisdiction, but simply as referring the question of the amount of loss or damage to arbitration, it may be held valid. I think the condition ought to receive such a construction. Thus construed, is the clause a condition precedent,—one which must be performed, if requested by the defendant, before a suit can be maintained,—or is it an independent covenant, for whose breach damages may be recovered in an independent action, but which cannot be pleaded in bar or abatement of a suit on the certificate? It seems to me plainly to belong to the latter class.' Where the contract provides in terms, or by necessary implication, that the money secured by the policy of insurance is not to become payable until the amount of loss or damage has been determined by the award of arbitrators, no action can be maintained until such award has been made or waived. In such case the making or the waiving of the award becomes a condition precedent to the accruing of the right of action. Such is the principle on which the case of *Hamilton* v. *Insurance Co.*, 136 U. S. 242, 10 Sup. Ct. Rep. 945, is decided. The court there says:

"The conditions of the policy in suit clearly and unquivocally manifest the intention and agreement of the parties to the contract of insurance, that any difference arising between them as to the amount of loss or damage of the property insured shall be submitted, at the request in writing of either party, to the appraisal of competent and impartial persons, to be chosen as therein provided, whose award shall be conclusive as to the amount of such loss or damage only, and shall not determine the question of the liability of the company; that the company shall have the right to take the whole or any part of the property at its appraised value so ascertained; and that until such an appraisal shall have been permitted, and such an award obtained, the loss shall not be payable, and no action shall lie against the company. The appraisal, when requested in writing by either party, is distinctly made a condition precedent to the payment of any loss, and to the maintenance of any action." 136 U. S. 254, 255, 10 Sup. Ct. Rep. 949.

The clause in the certificate at bar does not in terms, or by necessary implication, make the award a condition precedent to the maintenance of any action. It is silent as to the effect of a refusal by the assured to arbitrate. The court ought not to read into it a condition not written

therein by the parties, which shall operate to oust the court of its ordinary jurisdiction. In the case of *Hamilton* v. *Insurance Co.*, 137 U. S. 370, 11 Sup. Ct. Rep. 133, the policy in suit provided that—

"In case differences shall arise touching any loss or damage after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial arbitrators, whose award in writing shall be binding on the parties as to the amount of such loss or damage, but shall not decide the liability of the company under this policy."

It was held that the refusal of the assured to perform this condition did not preclude the maintenance of a suit by him; that to have such effect the policy should have further provided that no such action should be brought until after the award. To the same effect are *Crossley* v. *Insurance Co.*, 27 Fed. Rep. 30; *Reed* v. *Insurance Co.*, 138 Mass. 572; *Badenfeld* v. *Association*, 154 Mass. 77, 27 N. E. Rep. 769.

Counsel for the defendant has called the attention of the court to the case of the *Chippewa Lumber Co.* v. *Phenix Ins. Co.*, 80 Mich. 116, 44 N. W. Rep. 1055, and the case of *Morley* v. *Insurance Co.*, 85 Mich. 210, 48 N. W. Rep. 502, as holding a contrary doctrine. In this claim counsel is mistaken. In the first of these cases the policy of insurance expressly provided that "the amount of loss or damage shall be ascertained by arbitration, and shall not be payable until it is so ascertained by arbitration, and that such arbitration shall be a condition precedent to bringing suit on the policy." It was held that this condition was reasonable and valid, and that no suit could be maintained until the condition had been performed or its performance waived. It is clear that the court would have reached a different conclusion if the language in the policy before it had been similar to that in the certificate under consideration. The condition in the policy in the case last above cited provided that the money secured by it should not become payable until the amount of the loss or damage should be first ascertained by the award of arbitrators. The court followed the doctrine announced in its former decision. It follows that the answer in abatement is insufficient. Let the demurrer be sustained, with leave to the defendant to answer over.