DENTON *v.* FARMERS' MUTUAL FIRE INSURANCE CO.

1. FIRE INSURANCE—BOARD OF AUDITORS—POWERS.
   The charter of a mutual fire-insurance company provided that the auditors living in the county where a loss occurred should investigate the cause of the loss, and, if it should appear that it was not the result of carelessness or any violation of the charter and by-laws, should ascertain the amount of loss, and authorize its payment; and that in case of any disagreement between the auditors and the insured "as to the liability, in whole or in part," arbitrators should be appointed, by whom the "amount of loss" should be determined. *Held,* that the board of auditors was not authorized to determine a question of liability under the policies issued, but only the actual amount of loss sustained.

2. SAME—DENIAL OF LIABILITY—ARBITRATION CLAUSE—WAIVER.
   Where the auditors of a fire-insurance company, authorized merely to determine the amount of loss sustained by an insured, their determination to be final in the absence of a demand for arbitration, found that the insured had been guilty of "evil practice," and on that ground assumed to reject the claim entirely, which finding was adopted by the company, the arbitration clause was waived, and the insured was free to resort to the courts.

Error to Wayne; Frazer, J. Submitted June 6, 1899. Decided July 11, 1899.

*Assumpsit* by Simeon C. Denton against the Farmers' Mutual Fire Insurance Company of Monroe and Wayne counties on a policy of insurance. From a judgment for plaintiff, defendant brings error. Affirmed.

This is a suit upon a policy of insurance commenced in justice's court, and appealed to the circuit, where plaintiff recovered a verdict and judgment for $100. The defendant gave notice, with its plea of the general issue, that, under the charter of the defendant, plaintiff was barred

from maintaining an action on the policy, because the auditors of said company had found and decided that the defendant was not liable, and that their finding was conclusive upon the plaintiff.   Other defenses were interposed, involving issues of fact, which the jury have decided against the defendant.   The question arises upon sections 22 and 23 of the charter, as follows:

"SEC. 22.  In case of fire or damage by lightning, the secretary shall notify the auditors living in the county where the loss occurs, and the president, of such loss or damage, within 10 days after the secretary shall be informed in writing by the owner of the property burned or injured, giving the day and hour of such meeting, the place to be at or near the place of the property burned or damaged.   They shall then proceed to investigate the cause or origin of such loss or damage, and if it shall appear that it was not the result of carelessness, or in violation of the charter and by-laws of this company, they shall ascertain the amount of loss or damage done by fire or lightning, authorizing the payment of such loss so determined, as in manner hereinafter provided:  *Provided*, the insurance on the same is large enough to cover said loss.

"It shall be the duty of the secretary to record such determination, and draw his order, countersigned by the chairman of the board of auditors, on the treasurer for the same:  *Provided*, that, where the loss or damage claimed is less than ($100), the secretary and director of the township may examine and determine the amount of loss or damage, and the secretary shall draw his order on the treasurer, countersigned by the director, for the same, payable within sixty days from date thereof; and, in case there is not sufficient money in the treasury to pay the same, the board of directors shall provide for the same by resolution authorizing the proper officers to borrow money for the same.

"SEC. 23.  No person shall have claim for more than the amount of his insurance as shall be determined by the board of auditors; but in case of any disagreement between said board and the loser, either as to the liability in whole or in part, said board shall select a suitable and disinterested person, not a member of said company, residing in said counties of Monroe and Wayne, to act as referee;

the loser shall choose another, like situated as above, not his relative, nor an agent of a stock company; and the two referees so chosen, in case of their disagreement, shall select a third of like qualifications of second referee. Said referees so chosen, or, if a third shall be selected, a majority of them, shall determine and decide the amount of the loss, and their decision shall be final; and the reasonable and necessary expense of such reference, to be fixed and determined by such referees, shall be borne and paid by the insured in case the referees shall not award a larger sum than was awarded by the board of auditors, and shall be borne and paid by the company in case such referees shall award a larger sum than that awarded by the auditors. The insured shall be deemed to have accepted the award of the auditors, unless, within ten days after notice of said award, he shall file with the secretary of such company notice in writing that he declines to accept such award, and shall within the same time designate the referee selected by him, and offer to enter into a submission to arbitration as above provided."

On June 2, 1897, the fire occurred. On June 16th the auditors met. Plaintiff appeared, presented his claim against the company, testimony was taken touching the origin of the fire, and an adjournment had without reaching any decision. Whether there was to be a further hearing by the board, and plaintiff was to be notified, are disputed questions. On June 23d the board met, and made a written finding, holding that "this board are of the opinion that said evidence shows evil practice on the part of said claimant, and we therefore reject the claim, and authorize our secretary to so notify said claimant, Simeon Denton, of our action." On July 14th plaintiff tendered arbitration, and named an arbitrator. June 24th the secretary notified plaintiff in writing of this action on the part of the board, and informed him that the company would not pay the same. The court instructed the jury that the refusal to adjust the loss in any way would be a waiver of the terms of the policy in regard to arbitration.

*Charles R. Whitman*, for appellant.

*Edward P. Allen*, for appellee.

GRANT, C. J. (*after stating the facts*).  The correct-
ness of the instruction depends upon the construction to
be given to the terms of the policy.  Does the policy
clothe the board of auditors with power to determine all
questions of liability under the policies issued, or only to
determine the amount of loss or damage sustained?  If
the former be held, as counsel for defendant contends, the
case might then be governed by *Raymond* v. *Insurance
Co.*, 114 Mich. 386, and authorities there cited.  If the
latter be held, the arbitration clause was waived, under
the well-established rule.  2 Beach, Ins. § 1244; 2 May,
Ins. § 496b; 2 Bid. Ins. §§ 1174, 1175; *Bailey* v. *Insur-
ance Co.*, 77 Wis. 336; *Western Horse & Cattle Ins.
Co.* v. *Putnam*, 20 Neb. 331.  Without entering into an
extended discussion, we are of the opinion that the sections
of the charter above cited do not give to the board of aud-
itors the power to pass upon questions of liability like that
in this case, viz., that the plaintiff had intentionally fired
his own building.  The provisions contemplate a valid
loss, and confer upon the auditors only the power to fix
the amount.  A policy of insurance, under the defenses
set up in this case, cannot be valid in part and invalid in
part, but there may or may not be any damage.  A
policy of insurance is usually either valid or void *in toto.*
The term, "liability in whole or in part," must be held to
refer to the loss or damage.  These auditors have no other
power than that conferred upon them by the charter.
Courts will not read such a power into a charter, and, in
the absence of clear and explicit language, will hold that
it is not conferred.  Sections 22 and 23 give them the
authority to determine and decide the amount of the loss,
and upon that alone is their decision final, if no arbitra-
tion is demanded.  It is true that section 22 authorizes the
auditors to investigate "the cause or origin" of the fire,
but this is only preliminary to determine whether they
shall adjudicate the amount of loss.  These officers are
chosen by the charter to represent the company, and,
when they absolutely deny liability, such action waives

all provisions in regard to ascertaining the loss, and leaves the insured free to resort to the courts.

We do not think that any prejudicial error was committed in the admission or rejection of testimony.

Judgment is affirmed.

The other Justices concurred.