KEARNEY  v.  WASHTENAW  MUTUAL  FIRE-INSURANCE · CO.

1. Arbitration and Award—Vacation—Equity Jurisdiction.
    It is within the jurisdiction of a court of equity to set aside an award of arbitrators.

2. Same—Statutes—Construction.
    The fact that 3 Comp. Laws 1897, § 10935, confers power on the court to which the report of arbitrators may be made to set aside their award, does not exclude the exercise of a like power by a court of equity, in view of the further provision of the statute (section 10945) that nothing therein contained "shall be construed to impair, diminish, or in any manner to affect the power and authority of any court of chancery over· arbitrators, awards, or the parties thereto."

3. Same—Insurance—Loss by Fire—Questions Submitted.
    A fire-insurance policy provided that "all questions of dispute" arising between the company and the insured should

be settled by arbitration. The company, after a loss, admitted its liability to a certain amount, which the insured rejected as insufficient. Pursuant to his demand for arbitration "upon the subject of said loss under said policy," arbitrators were appointed. The question of the attempted fraud of the insured being raised for the first time before such arbitrators, they claimed the authority, under the terms of the articles of submission, conferring on them the power of final settlement "of all matters and things arising from and growing out of and based upon" the policy, to determine such question, and did determine it adversely to the insured, and declared the policy void. *Held,* that the action of the arbitrators was erroneous; that their authority was limited to an adjustment of the loss, and the question of fraud was not before them.

Appeal from Washtenaw; Kinne, J. Submitted November 13, 1900. Decided April 16, 1901.

Bill by Thomas P. Kearney against the Washtenaw Mutual Fire-Insurance Company to set aside an award. From an order overruling a demurrer to the bill, defendant appeals. Affirmed.

*A. J. Sawyer & Son,* for complainant.

*Lawrence & Butterfield,* for defendant.

MONTGOMERY, C. J.   The appeal in this case is from an order of the circuit court for the county of Washtenaw, in chancery, overruling the demurrer of the defendant to the complainant's bill of complaint.   The bill of complaint sets up that the complainant is the owner of a farm of 240 acres in the county of Washtenaw; that on the 1st day of January, 1890, the defendant issued to the complainant a policy of insurance; that a grain barn and its contents, covered by the insurance policy, were destroyed by fire on the 1st day of February, 1899; that, in compliance with a by-law of the defendant, the complainant was notified by the directors of the defendant to appear before them at the city of Ann Arbor and answer such questions in relation to the fire as the directors might deem material; that

afterwards, in compliance with a notice dated March 2, 1899, the complainant on March 11th appeared before the board of directors and submitted to an examination, and introduced testimony in relation to the fire and loss sustained; that in compliance with another notice, dated April 7, 1899, on the 12th day of April the complainant appeared before the board and submitted to a further examination; that afterwards, on May 11, 1899, the complainant was notified to again appear before the board on May 20th, and furnish proof that there were beans in the barn at the time of the fire; that a further meeting was held on the 12th day of June, 1899, at which time complainant produced certain witnesses before the board in relation to the loss sustained by him; that afterwards the board of directors made an invoice of the property lost or damaged, and the amount they had decided to allow complainant; that the directors allowed the complainant $575; that this allowance the complainant refused to accept, and on the 23d day of June, 1899, he served upon the secretary of the defendant a notice that he was dissatisfied with the award of the board of auditors of the defendant, and claimed the right of arbitration under by-law 38 of the defendant; that on the 17th day of August, 1899, the complainant and defendant entered into articles of submission to arbitration, in which they agreed—

"To submit the final settlement of all matters and things arising from and growing out of and based upon a certain policy of insurance issued to the said Thomas P. Kearney on the 1st day of January, 1890, which policy is numbered 1,124, and the subsequent destruction by fire of some part or portion of the property mentioned in said policy of insurance, to the determination of William Aprill, of Scio, Peter Cook, of York, and Andrew Campbell, of Pittsfield, all in the county of Washtenaw, State of Michigan, the award of whom, or the greater part of whom, being made and reported within sixty days from this date to the circuit court for the county of Washtenaw, the judgment therein shall be final; and, if either of the parties shall neglect to appear before the arbitrators, they may proceed in his or their absence."

The bill of complaint further states that, after the above articles of submission had been signed and executed, the parties proceeded to introduce the testimony in the case, and were occupied in so doing the 17th, 21st, 22d, and a portion of the 23d day of August, 1899. It appears from the bill that a serious controversy came up during the trial before the arbitrators as to the amount of beans that were in the barn at the time of the fire; that complainant claimed there were 600 bushels, and the defendant claimed there was no such amount in the barn; and that, after the testimony was taken, the counsel for the defendant took the position that the complainant had attempted to defraud the defendant by claiming to have property destroyed that he did not possess, and that such a claim was a fraud upon the insurance company, and rendered his policy null and void; that a majority of the arbitrators adopted the view presented by the defendant, and rendered the following award:

"*Whereas*, matters in controversy between the Washtenaw Mutual Fire-Insurance Company, doing business in the county of Washtenaw, Michigan, and Thomas P. Kearney, of the same county and State, was by them submitted to William Aprill, Peter Cook, and Andrew Campbell, as arbitrators, as by this submission in writing, bearing date the 17th day of August, 1899, more fully appears:

"Now, therefore, we, the arbitrators mentioned in said submission, having been first duly sworn according to law, and having heard the proofs and allegations of the parties, and having examined the matters in controversy by them submitted, do make this finding and award in writing; that is to say, we find that the claimant, Thomas P. Kearney, has attempted to defraud the Washtenaw Mutual Fire-Insurance Company, and that the liability of said company on said policy has ceased on account of said attempted fraud, and that said policy is null and void."

The bill of complaint then avers that the award was void for the following reasons: Because the question of the validity of the policy was at no time a subject of con-

troversy between the parties, and was not included in the articles of submission; and, further, that the arbitrator chosen by the defendant was not a disinterested person, but entered upon his duties with the understanding that he was there to look after the interests of the defendant, and so declared in advance of the hearing.

The demurrer asserts that complainant, if he has a grievance, has an adequate remedy at law, and that it appears from the face of the bill that the arbitrators had authority to make the finding which they made.

1. It is contended that, inasmuch as the statute (3 Comp. Laws 1897, § 10932 *et seq.*) provides for a vacation of the award by the court to which the report is made, this remedy must be held to exclude a remedy in equity. Section 10945, however, provides that "nothing contained in this chapter shall be construed to impair, diminish, or in any manner to affect the power and authority of any court of chancery over arbitrators, awards, or the parties thereto." There is little room for construction. The language of this section is clear. If, prior to the enactment of the statute, a court of equity had jurisdiction to vacate an award, that power is preserved by the section quoted above. It is generally held that equity has jurisdiction to set aside an award. *Leslie* v. *Leslie*, 50 N. J. Eq. 103 (24 Atl. 319); 2 Pom. Eq. Jur. § 919; 3 Enc. Pl. & Prac. 154.

2. Whether the award was within the terms of the submission is a question of more difficulty. The submission is in the following language:

"*Know all men by these presents,* that the Washtenaw Mutual Fire-Insurance Company, by Wm. K. Childs and E. A. Nordman, its secretary and president, for that purpose duly appointed by the board of directors of the said company, and Thomas P. Kearney, have agreed to submit the final settlement of all matters and things arising from and growing out of and based upon a certain policy of insurance issued to the said Thomas P. Kearney on the 1st day of January, 1890, which policy is numbered 1,124, and the subsequent destruction by fire of some part or

portion of the property mentioned in said policy of insurance, to the determination of William Aprill, of Scio, Peter Cook, of York, and Andrew Campbell, of Pittsfield, all in the county of Washtenaw, State of Michigan, the award of whom, or the greater part of whom, being made and reported within sixty days from this date to the circuit court for the county of Washtenaw, the judgment therein shall be final; and, if either of the parties shall neglect to appear before the arbitrators, they may proceed in his or their absence."

It is contended by the complainant that it was only intended to submit to arbitration the amount of the loss; that the terms of the submission presuppose the existence of a valid policy, and the destruction of a portion of the property covered.

The policy contains the following clause, to wit:

"No suit or action at law or in chancery shall be commenced or maintained against this company by reason of this policy, but all questions of dispute arising between this company and the assured, or any person claiming under him, her, or them, shall be settled by arbitration or referees, subject to the charter and by-laws; and their award, in writing, shall be binding upon the parties, and final, and the necessary expenses of such arbitration or reference shall be borne equally by each party."

By article 10 of the charter of the said defendant it is provided as follows:

"ART. 10. In case of any disagreement between the company and the insured, *in cases of loss*, the board of directors shall select a suitable and disinterested farmer residing in the county of Washtenaw, and in some town other than the one in which the loser shall reside, to act as referee; the loser shall choose another, like situated as above; and the two referees so chosen shall select a third farmer. Said referees so chosen, or a majority of them, shall determine and decide the amount of the *loss or losses*, and *liability of the company to pay*, and their decision shall be final. The expenses attending such arbitration or reference shall be borne equally by the company and the insured."

By by-law 38 of said defendant it is provided as follows:

" 38. All questions of dispute arising between this company and the assured, or any person claiming under him, shall be settled by arbitrators or referees, *in accordance with the charter and the laws of the State.*"

To determine what was intended to be submitted, we may have recourse to the previous negotiations, from which it appears that there was no question raised as to the liability of the company. On the contrary, a liability of $575.31 was admitted. The demand for arbitration came from complainant, and was a demand for "arbitration upon the subject of said loss under said policy." Up to this time no claim of fraud had been put forth. There was no such controversy to submit. Clearly, then, neither party supposed that he submitted it. Under the policy all matters of dispute arising between the company and the assured are to be arbitrated. What is meant by "matters and things arising from and growing out of and based upon" the policy? The only way we can make this intelligible is to treat the expression as referring to the policy, and limited to matters and things in dispute. See Morse, Arb. pp. 65, 66. We think the submission was intended to be limited to the matters in dispute. See, as bearing on this question, *Bailey* v. *Insurance Co.*, 77 Wis. 336 ( 46 N. W. 440); *Phœnix Ins. Co.* v. *Badger*, 53 Wis. 283 ( 10 N. W. 504); *Mentz* v. *Insurance Co.*, 79 Pa. St. 478 (21 Am. Rep. 80).

The order overruling the demurrer is affirmed, and the case remanded.

The other Justices concurred.