EARLY v. INGHAM CIRCUIT JUDGE.

1. MANDAMUS—BURDEN—TEMPORARY INJUNCTION—DISCRETION.
    In mandamus to compel the circuit court to issue an injunction restraining the enforcement of a judgment entered upon an arbitration award, the burden is on relators to show that in refusing the temporary injunction the court abused its discretion.

2. EQUITY — JURISDICTION — SETTING ASIDE JUDGMENTS AND PROCEEDINGS—ARBITRATION AWARD.
    The circuit court in chancery has jurisdiction to set aside an award of arbitrators and to issue an injunction to stay the entry of judgment on an award, the proceedings not being stayed by merely filing the bill of complaint.

3. SAME—ARBITRATIONS—STATUTES.

Having invoked the aid of the chancery court, the complainant is not required to pursue the remedy by motion to set aside the award, given by statute. 3 Comp. Laws, §§ 10932, 10945.

4. SAME.

There appears to be no legal objection to the prosecution of proceedings on the law side of the court to enforce an award and on the equity side to set it aside, although the proceedings at law are at peril of having the award set aside in equity.

Mandamus by Thomas Early and William Fitzpatrick against Howard Wiest, one of the circuit judges for the county of Ingham, to compel the issuance of a temporary injunction restraining the enforcement of an arbitration award and to secure the entry of an order on the law side of said court staying proceedings pending the determination of the suit in equity. Submitted June 6, 1911. (Calendar No. 24,521.) Writ denied July 5, 1911.

*Tuttle, McArthur & Dunnebacke*, for relators.

*Thomas, Cummins & Nichols*, for respondent.

OSTRANDER, C. J. The relators and one Daniel W. Tussing submitted a controversy to arbitrators, with an agreement that a judgment should be entered in the circuit court for the county of Ingham upon the award. The arbitrators rendered a decision favorable to Tussing and the next day, December 2, 1910, filed their award. A motion to confirm the award is pending. Relators have not moved to vacate or modify the award, as under the statute they may do. 3 Comp. Laws, § 10932. January 9, 1911, relators filed their sworn bill in the circuit court for the county of Ingham, in chancery, against the said Daniel W. Tussing, in which they pray that the award of the arbitrators be vacated and set aside, and that a temporary injunction issue restraining the said Tussing from taking any proceedings to enforce said

award.   Other relief is prayed.   Defendant answered the
bill of complaint, and the answer is verified.   The court,
upon the bill, answer, and such affidavits and exhibits as
were presented, declined to issue the restraining order,
whereupon the relators filed their petition in this court,
praying that a writ of mandamus issue to compel the
said circuit judge to grant a temporary injunction re-
straining the said defendant " from any further proceed-
ings upon his motion to confirm the award," and also re-
quiring him " to grant a stay of proceedings in a matter
now pending in said circuit court for the county of
Ingham, entitled ' In the matter of the arbitration of the
differences between Daniel W. Tussing and Early &
Fitzpatrick,' until a final hearing and determination " of
the said chancery proceeding.   The answer to the order to
show cause issued by this court has brought upon the
record the motion to confirm the award and the demurrer
thereto, the bill of complaint, and the answer thereto, the
opinion of the circuit judge, and certain affidavits.   The
entire return was not printed, so that the court has not
before it, except by reference to the files in the office of
the clerk, the record considered by the court below in
denying the temporary injunction.

The burden is upon relators to show that in refusing the
temporary injunction the court below did not use proper
discretion, and the cases are few in which this court has
interfered to compel the granting of temporary restraining
orders, or to set aside such orders.   An examination of the
bill and answer does not convince us that we should inter-
fere in this case, although there is a consideration, quite
apart from the showing of merits, which might have
influenced the court below to grant the injunction.   That
consideration arises out of the apparent incongruity of
action, confirming an award and entering judgment there-
on, by the law judge, who, as chancellor, must determine
whether the award ought to be set aside.

The circuit court, in chancery, has jurisdiction to set
aside an award of arbitrators.   3 Comp. Laws, § 10945;

*Kearney* v. *Insurance Co.*, 126 Mich. 246 (85 N. W. 733). It has been held that the filing of a bill for this purpose will not, without injunction, stay the entry of judgment on the award. *Seaton* v. *Kendall*, 61 Ill. App. 289; *Id.*, 171 Ill. 410 (49 N. E. 561). Having invoked the aid of the chancery court, relators are not required to pursue the statute remedy of a motion to vacate the award.

However, there appears to be no legal objection to the prosecution of proceedings, on the one side to enforce, and on the other to set aside, an award, although manifestly action at law to enforce the award is at peril of having the award set aside in equity. It is not made to appear that relators, complainants in equity, will suffer injury if the award is confirmed. We may assume that proceedings will be so controlled that neither party will be damaged.

The writ is denied.

Bird, Hooker, Moore, and McAlvay, JJ., concurred.