EARLY *v.* INGHAM CIRCUIT JUDGE.

EXECUTION— ARBITRATION— RECALL OF PROCESS— EQUITY— SETTING ASIDE AWARD—MANDAMUS.

On motion to recall execution issued upon a judgment entered after an award in arbitration proceedings, which the defeated party had attempted to set aside in equity by bill for an injunction and other relief, it was not an abuse of discretion to refuse to recall the process; the causes may be permitted to proceed collaterally, although the proceedings at law may be set aside by decree in the chancery case.

Mandamus by Thomas Early and another against Howard Wiest, one of the circuit judges for the county of Ingham, to compel respondent to recall an execution issued upon a judgment in arbitration proceedings. Submitted December 8, 1911. (Calendar No. 24,777.) Writ denied February 10, 1912.

*Tuttle, McArthur & Dunnebacke,* for relators.

*Thomas, Cummins & Nichols,* for respondent.

Moore, C. J. This case has been here before. It is reported in 166 Mich. 517 (131 N. W. 1104). A reference to that opinion will make a long statement here unnecessary. The opinion was handed down July 5, 1911. On July 17, 1911, the award was confirmed, and a judgment entered thereon. August 24, 1911, an execution was issued and placed in the hands of the sheriff for collection. The relators then made an application to the respondent, asking that the execution be recalled until the chancery case should be heard. The respondent denied the motion, and it is this action which is sought to be reviewed by mandamus.

The argument of counsel may be summarized as follows:

" (1) That every court has the inherent right and authority to control its own process, in order to prevent an abuse thereof.

" (2) That the issuance of an execution upon the judgment, and the threatened levy upon relators' property, was an abuse of process.

" (3) That respondent was therefore guilty of an abuse of discretion in refusing to recall the execution, which refusal ought to be relieved against by the issuance of a writ of mandamus."

Counsel are agreed upon the first of these propositions; but the other two are not acceded to. It is insisted by counsel for respondent there was no abuse of process or of discretion which calls for action by this court. We do not think any new principle of law has arisen in the case since it was here before. As the case now presents itself, we think it might have been well for the court below to delay confirmation of the award, entry of the judgment, and issuance of the execution until the chancery case was heard; but for reasons which doubtless appealed to him he did not do so. What was said by Justice Ostrander when the case was here before is still true:

"However, there appears to be no legal objection to the prosecution of proceedings, on the one side to enforce, and on the other to set aside, an award, although manifestly action at law to enforce the award is at peril of having the award set aside in equity. It is not made to appear that relators, complainants in equity, will suffer injury if the award is confirmed. We may assume that proceedings will be so controlled that neither party will be damaged."

The writ is denied.

STEERE, McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred. OSTRANDER and BIRD, JJ., did not sit.