## FLORA E. AABERG AS ADMINISTRATRIX, ETC. V. MINNESOTA COMMERCIAL MEN'S ASSOCIATION.[1]

July 7, 1922.

No. 22,753.

**Provision in insurance policy respecting arbitration of dispute void.**

1. A provision in a contract of insurance that, if any question or difference shall arise respecting the validity of any claim, adjustment of any loss or auditing any claim, it shall be submitted to a commission of arbitration and no suit shall be maintained except to enforce the award, comprehends the whole matter of any dispute that can arise between the parties and it ousts the courts of jurisdiction and is void.

**Demand for arbitration held sufficient—provision requiring physicians.**

2. A provision in an insurance contract that a commission of arbitration shall consist of three physicians, the association's physician, the claimant's physician, and a third to be selected by these two, contemplates that the parties shall designate their physicians. A demand for arbitration proposing that each party choose one arbitrator and the two a third, contemplates that those chosen shall possess the qualification specified in the contract, that is, that they shall be physicians, and it is a sufficient demand.

**Right of insurer lost by its failure to act.**

3. Insurer by ignoring claimant's proposal to arbitrate waived its right to insist on arbitration as a condition precedent to the right to commence action.

Action in the district court for Hennepin county by the administratrix of the estate of Albert Aaberg, deceased, to recover $1,353.70 upon decedent's certitficate of membership in defendant association. The case was tried before Dickinson, J., who when plaintiff rested granted defendant's motion to dismiss the action. From an order denying her motion for a new trial, plaintiff appealed. Reversed.

*W. C. & W. F. Odell*, for appellant.

*Rieke & Hamrum, Lancaster, Simpson, Junell & Dorsey* and *Robert Driscoll*, for respondent.

[1]Reported in 189 N. W. 434.

HALLAM, J.

Albert Aaberg, now deceased, commenced this action to recover benefits under a certificate of health and accident insurance issued to him by defendant. The case was tried and a verdict rendered for plaintiff. Defendant appealed. A new trial was granted on the ground that the court excluded from evidence the by-laws of defendant which constituted part of the contract, the particular sections, the exclusion of which was complained of, stipulated that certain specified representations in the application were warranties, that defendant should be relieved from liability if the assured took out other accident insurance, and that "if any difference should arise at any time respecting the validity or adjustment of any claim thereunder, it should be submitted to arbitrators * * * and that such submission * * * should be a condition precedent to the right to maintain a suit in court." This court held that the provisions of the by-laws offered should have been received and granted a new trial. Before a new trial was had, Albert Aaberg died and plaintiff as administrator was substituted in his stead. On the second trial at the close of plaintiff's case, the court dismissed the case on the ground that plaintiff had not complied with the terms of the by-laws as to arbitration.

Defendant contends that the former decision determined the validity and binding force of the provision of the by-laws as to arbitration. We do not so understand it. That provision was one of several, all of which were offered in evidence together and all rejected. The by-laws, being part of the contract and the subject matter being material to the litigation, were plainly proper evidence in the case. There was no intention to analyze and pass finally upon the validity of particular clauses. It was not determined that this provision was valid against the objection now raised.

The point now made by plaintiff is that the provision that "if at any time any question or difference shall arise between this association and a member or his beneficiary, his representatives, heirs or assigns, respecting the validity of any claim, adjustment of any loss or auditing of any claim under these by-laws, it shall be submitted to a commission of arbitration * * * and no suit or pro-

ceedings at law shall be maintained except to enforce the award of such commission," comprehends the whole matter of any dispute which could arise over any claim and that it ousts the court of jurisdiction.

In Gasser v. Sun Fire Office, 42 Minn. 315, 44 N. W. 252, and Whitney v. National Masonic Acc. Assn. 52 Minn. 378, 385, 54 N. W. 184, it was held that an agreement that a right of action should not be enforced through the ordinary tribunals cannot be sustained and that if, in a contract creating a legal obligation, such, for example, as to pay a certain sum of money on a specified contingency, there is embodied an agreement that the rights or obligations of the parties shall be determined by arbitration and that no action shall be maintained on the contract except to enforce the award, such an agreement is an attempt to oust the courts of jurisdiction and it is not legally effectual to bar such an action. It was said that this "rule is so well settled and so generally recognized, that it is needless to consider the various reasons which have been assigned for it." The case was distinguished from those where the agreement provides only for the determination by arbitration of some particular fact or facts, such as the amount of loss, as preliminary to the right of recovery.

We are of the opinion that this provision in the contract before us offends against the rule stated in the Gasser and Whitney cases. We have tried to conceive of any question of controversy that could arise between these parties that would not be a "question of difference" respecting the validity of a claim of the adjustment of a loss or the auditing of a claim, but we are unable to do so and defendants have not suggested any. The provision is unenforceable and void.

As above stated the rule announced in the Gasser and Whitney cases is the prevailing rule. Some decisions have strained the rule and have held that where the arbitration provision applies to "all questions of dispute" or "any claim under this certificate" it should be construed as intended to apply only to disputes regarding the amount of the loss. See Smith v. Preferred Masonic Mut. Acc. Assn. 51 Fed. 520, 521; Kearney v. Washtenaw Mut. Fire Ins. Co. 126

Mich. 246, 85 N. W. 733; Hogadone v. Grange Mut. Fire Ins. Co. 133 Mich. 339, 94 N. W. 1045. With all due respect to these able courts we think that such decisions are mere evasion of the rule. If the rule is to stand it should be fairly construed. We have no disposition to abrogate it.

2. Another equally tenable ground of objection to the ruling of the trial court is that plaintiff, in our opinion, made a sufficient offer to arbitrate and the offer was ignored by defendant. Plaintiff's attorney wrote defendant's attorney a letter which contained this language: "We will submit the matter to a board of arbitrators, your client choosing one, mine one, and these two a third, and abide by their decision as to the amount your clients should pay mine." Defendant contends that this was not a sufficient offer because the by-laws provide that the commission of arbitration shall consist of three regular physicians, namely, the association's physician, the claimant's physician and a third physician to be selected by these two. But who is plaintiff's physician? A letter of defendant's attorney names two, Dr. McManus and Dr. Jones. The letter of plaintiff's counsel mentions also Dr. Windel, Dr. Patrick and "half dozen other doctors." And who is "the association's physician?" Is it the medical director, who is an officer of the corporation, who is to sit as arbitrator on all claims against his corporation, or is it some examining physician?" We are forced to one of two conclusions, either the provision is too vague and indefinite to permit enforcement at all, or the "association's physician" and the "claimant's physician" are to be designated by these respective parties, perhaps from among physicians having familiarity with the case, when the occasion for arbitration arises. The latter seems to us the construction that best accords with the purpose of the provision and the intent of the parties. So construing the by-laws we think the offer of arbitration was sufficient. It may fairly be construed to contemplate the selection of arbitrators possessing the qualifications specified in the contract, that is, arbitrators who are physicians.

3. When defendant ignored this proposal it waived its right to insist upon arbitration as a condition precedent to plaintiff's right to commence an action. 4 Cooley, Briefs 3660.

Order reversed.