EVA STEELE v. GREAT EASTERN CASUALTY AND
INDEMNITY COMPANY AND ANOTHER.[1]

February 8, 1924.

No. 23,676.

**New contract of insurance.**
 1. Where a policy of accident insurance contained no provision for continuing it in force beyond the time specified therein, but was continued in force for an additional period by a subsequent agreement, such agreement created a new contract.

**Such contract governed by statute enacted after issue of original policy.**
 2. A statute regulating and governing such insurance enacted after the issuance of the original policy, but in force before the making of the new contract, applies to and controls such contract.

[1]Reported in 197 N. W. 101.

Action in the district court for Hennepin county to recover $5,000 upon an accident policy. The case was tried before Waite, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Ernest E. Watson,* for appellants.

*Shearer, Byard & Trogner,* for respondent.

TAYLOR, C.

Defendants appeal from a judgment for plaintiff on a policy of accident insurance issued to her deceased husband, the late Judge John H. Steele.

It is conceded that the judgment is correct if the provisions of chapter 156, p. 197, Laws of 1913, being sections 3522 to 3535, G. S. 1913, apply to this policy. This statute regulates and governs the subject of accident insurance in this state, and applies to all contracts of accident insurance entered into after it went into effect. Aaberg v. Minnesota Commercial Men's Assn. 152 Minn. 478, 189 N. W. 434. In the present case, the original policy was issued in 1905, and defendants contend that the contract then entered into was the contract existing at the time of the accident and remained unaffected by the subsequently enacted statute. They claim that, although the original policy insured Mr. Steele for only 12 months, it was in effect a continuing contract which, by the payment of a renewal premium each year, had been kept in force and constituted the contract between the parties at the time of the accident. The policy states:

"Great Eastern Casualty and Indemnity Company of New York, in consideration of the warranties in the application, a copy of which is endorsed hereon and made a part hereof, and twenty dollars, hereby insures John H. Steele * * * for the term of twelve months from noon, standard time, of March 11th, 1905, against the effects of bodily injuries," etc.

It differs from many accident policies in that it contains no provision for renewing it or for continuing it in force beyond the time

stated. However, at the expiration of this policy and each year thereafter, Mr. Steele paid another premium of $20 and the company issued to him a renewal receipt continuing the policy in force during the period specified in such receipt. The last of these receipts and the one in force at the time of the accident reads as follows:

"Great Eastern Casualty Company, 55 John St. New York, in consideration of twenty and 00/100 dollars, continues policy No. 46432 for twelve months from twelve o'clock noon, standard time, of March 11th, 1920, subject to all its terms, provisions and statements; but this insurance shall not, during the renewal period, cover any loss, fatal or otherwise, caused by war, acts of any country at war or by conditions arising from a state of war. Issued to John H. Steele."

The provision excepting war risks from the risks insured against was not in the original policy.

As said by the learned trial court:

"The original policy gave the insured no right to renew. All his rights expired absolutely twelve months from the date of the policy, and could be revived or continued only by a new contract."

That in making their new contract the parties saw fit to adopt the provisions of the former contract, except as changed by the provisions of the so-called renewal receipt, rendered it none the less a new contract. Neither party could, by any act of his own, continue the original or any subsequent contract of insurance beyond the period stated therein. To continue it beyond that period required a new agreement assented to by both parties, and when they entered into such an agreement it created a new contract. We deem it beyond question that all these contracts, entered into after the act of 1913 went into effect, were subject to and governed by that act. Cases involving policies continued in force for additional periods under and pursuant to provisions therefor contained in the policy are not in point.

Judgment affirmed.